(December 12, 2000)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RYEHIN CINTRON, Appellant. [718 NYS2d 301] —Judgment, Supreme Court, New York County (Michael Corriero, J.), rendered April 1, 1998, convicting defendant, after a jury trial, of assault in the first degree, and sentencing him to an indeterminate term of imprisonment of 3 to 9 years, unanimously affirmed.

This appeal was held in abeyance and the matter remanded for a reconstruction hearing to determine whether the excusal of a prospective juror was for cause or the result of defense counsel's discretionary choice. (*People v Cintron*, 265 AD2d 155.) On review of the record of the reconstruction hearing, we affirm the hearing court's finding that the prospective juror was dismissed for cause at the request of defense counsel. As the record shows, the prospective juror, out of the presence of defendant and the other prospective jurors but in the presence of the court and counsel, stated in effect, off-the-record, "I have something prejudicial," and asked to approach the bench. At the bench, the prospective juror stated that he believed he had seen defendant in the vicinity where the alleged crime had been committed. As the record shows, the prospective juror, by his testimony and demeanor, manifested a fear of defendant. The record reflects that both the prosecutor and defense counsel

felt the prospective juror could not be fair. In his testimony, defense counsel admitted, "I know in my mind that I wanted to get rid of him." While defense counsel believed that the prospective juror was dismissed on a "consent challenge," the court rejected that testimony as an "irrational view of the record" and accepted the prosecutor's testimony that defense counsel had asserted a challenge for cause, which was unopposed. As the court noted, it was not its practice to dismiss a prospective juror viewed as being adverse to the defense without some indication from defense counsel that the juror was unacceptable to the defendant. A court's factual determinations at a reconstruction hearing are entitled to considerable deference (*People v Childs*, 247 AD2d 319, 323, *lv denied* 92 NY2d 849), and, on this record, we see no reason to disturb the findings under review.

We have considered the other issues raised by defendant on appeal and find them to be without merit. Concur—Sullivan, P. J., Williams, Wallach, Lerner and Friedman, JJ.